UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SERGIO RODRIGUEZ,                       :

                Petitioner,              :

     -against-                                     :   **REPORT AND RECOMMENDATION**

WILLIAM F. KEYSER,                      :   15-CV-4669 (CM)(KNF)

                Respondent.            :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE COLLEEN MCMAHON, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Sergio Rodriguez ("Rodriguez"), proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the judgment entered following his resentencing on convictions for: (1) attempted second-degree murder, New York Penal Law ("PL") §§ 110.10, 125.25(1); (2) first-degree assault, PL § 120.10(1); (3) first-degree robbery, PL § 160.15(1); (4) first-degree robbery, PL § 160.15(4); and (5) second-degree robbery, PL § 160.10(1). The respondent opposes the petition.

## BACKGROUND

On May 15, 2007, Rodney Page ("Page") was walking to his home, when Rodriguez and co-defendants Victor Perez ("Perez") and Joseph Ramirez approached Page on bicycles. Rodriguez displayed a gun to Page, demanding that Page surrender the gold chain he had around his neck. Page attempted to comply, but Rodriguez shot him three times. Perez took Page's gold chain and cellular telephone. Page was rendered a paraplegic.

1/19/2016 The time for filing objections expired on 1/3/2016; no objections have been filed and no request for any extension made. The court accepts the Report and adopts the Recommendation. The Report + Recommendation are the decision of the court. As the petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability, per 28 USC §2253. I certify that any appeal would not be taken in good faith.

Rodriguez was charged by a New York County indictment with second-degree attempted murder, first-degree assault, two counts of the first-degree robbery and second-degree robbery. He proceeded to a jury trial and was found guilty on all charges. Rodriguez was sentenced as a violent-felony-offender to an aggregate term of 40 years imprisonment as follows: (a) 25 years on the second-degree attempted murder conviction and 15 years on the first-degree assault conviction, to run consecutively; (b) 25 years on the first-degree robbery convictions and 15 years on the second-degree robbery conviction; and (c) five years of post-release supervision on each conviction, to run concurrently.

Rodriguez appealed, contending that the court imposed consecutive sentences for the attempted murder and assault unlawfully, in violation of PL § 70.25(2), and that his right to be free from double jeopardy and his due process right, were violated because the consecutive sentences were based on the same act. The New York State Supreme Court, Appellate Division, First Department, modified the judgment "on the law, to the extent of directing that the sentence for the attempted murder and assault convictions be served concurrently," remanding the matter to the trial court for resentencing and otherwise affirming. People v. Rodriguez, 79 A.D.3d 644, 644, 913 N.Y.S.2d 202, 203 (App. Div. 1st Dep't 2010). The Appellate Division stated:

> [W]e remand the matter to the trial court so that it may restructure the sentence to arrive lawfully at the aggregate sentence which it clearly intended to impose upon defendant, who was the actual shooter, and thus deserving of greater punishment than his accomplices. One of the two robbery counts on which defendant was convicted charged him with forcible stealing of property while displaying a firearm (Penal Law § 160.15[4]). It is self-evident that defendant's display of a gun during the robbery, on the one hand, and his actual shooting of the victim, on the other, arise from separate acts, and are thus not subject to the strictures of Penal Law § [7]0.25(2). This Court has, on at least one prior occasion, vacated illegal consecutive sentences, but remanded the case for resentencing, so that sentences on other counts

2

which were initially run concurrently, could be imposed consecutively so as to reflect the court's intended sentencing scheme.

Id. at 645, 913 N.Y.S.2d at 203-04.

Rodriguez appealed to the New York Court of Appeals, arguing that "insofar as the Appellate Division's corrective action ordered appellant resentenced so that his lawfully imposed concurrent sentences may be 'restructured' to run consecutively, it would violate C.P.L. [Criminal Procedure Law] § 430.10, P.L. §§ 70.25(2) & 70.30(1)(A), as well as double jeopardy and due process." The New York Court of Appeals stated that the issue on appeal was "whether CPL 430.10 precludes the Appellate Division from remitting a case for resentencing after concluding that the trial court imposed unlawful consecutive sentences on two of the counts," and determined that "it does not." People v. Rodriguez, 18 N.Y.3d 667, 669, 944 N.Y.S.2d 438, 439 (2012). The Court of Appeals noted that, "[w]hile it is premature for us to take a position on whether the trial court may sentence defendant other than to make all sentences run concurrently, it is clear that CPL 430.10 does not preclude the Appellate Division remitting for resentence." Id. at 670, 944 N.Y.S.2d at 440. Chief Judge Lippman dissented, in part, concluding that "CPL 430.10 precludes any additional restructuring of defendant's now-lawful sentence and the Appellate Division's remittal for the purpose of increasing the severity of the aggregate sentence was erroneous." Id. at 672, 944 N.Y.S.2d at 441 (Lippman, J., dissenting). According to the dissent, "the Appellate Division order seeks *both* to correct the illegality in defendant's sentence and to remit to the trial court for further resentencing. This is not permitted." Id. at 674, at 944 N.Y.S.2d at 442 (Lippman, J., dissenting).

Upon remittitur, Rodriguez submitted a memorandum of law, arguing that: (a) resentencing is prohibited by CPL § 430.10; (b) consecutive sentences are not permitted under

3

PL § 70.25(2); and (c) his post-sentence conduct justifies resentencing him to serve his individual sentences concurrently. The trial court concluded that CPL § 430.10 does not preclude restructuring Rodriguez's sentence to achieve the same aggregate sentence originally imposed and resentenced Rodriguez to an aggregate term of 40 years imprisonment as follows: (i) 25 years on the second-degree attempted murder conviction; (ii) 15 years on the first-degree assault conviction; (iii) 25 years on each of the two first-degree robbery convictions; and (iv) 15 years on the second-degree robbery conviction. The sentence on the first-degree assault conviction was to run consecutively to the sentence on the first-degree robbery conviction under PL § 160.15(4). The court also sentenced Rodriguez to five years of post-release supervision on each count to run concurrently.

Rodriguez appealed, arguing that: (a) CPL § 430.10 barred the trial court's changing from concurrent to consecutive then-extant, lawful sentences for the first-degree assault and first-degree robbery convictions under PL § 160.15(4), that he began to serve, to his detriment; (b) the court's imposition of consecutive sentences violated PL § 70.25(2) and federal and state constitutional double jeopardy and due process clauses and was also barred by PL § 70.30(1)(a); and (c) the court's remarks concerning Rodriguez's uncontested rehabilitative achievements infected the resentencing proceeding. The Appellate Division affirmed, finding that, on remand: (1) the court imposed, lawfully, consecutive sentences for a conviction for first-degree assault and first-degree robbery based on the display of a firearm, PL § 160.15(4); (2) the fact that those sentences had been imposed concurrently originally did not result in a violation of CPL § 430.10; (3) the consecutive sentences did not violate PL § 70.25(2) because the robbery conviction was based on Rodriguez's display of something appearing to be a firearm and the assault conviction was based on his separate act of shooting the victim; (4) the consecutive

4

sentences did not violate PL § 70.30(1)(a) because "sentences may run consecutively to each other even though each of those sentences is required to run concurrently with the same third sentence"; and (5) the imposition of consecutive sentences was an appropriate exercise of discretion. People v. Rodriguez, 112 A.D.3d 488, 488-89, 976 N.Y.S.2d 96, 97-98 (App. Div. 1st Dep't 2013). The court considered and rejected Rodriguez's constitutional arguments. Id. at 489, 976 N.Y.S.2d at 98.

> Rodriguez appealed, and the New York Court of Appeals affirmed, noting:
>
> On defendant Sergio Rodriguez's prior appeal, we held that CPL 470.20 authorized the Appellate Division to remit the matter to the sentencing court for consideration of whether one of defendant's robbery sentences should be modified to run consecutively in light of the appellate court's correction of the unlawful imposition of consecutive sentences with respect to his assault and attempted murder convictions . . . Therefore, on this appeal, we are constrained to hold that the sentencing court acted within its discretion—derived from that remittal—when it modified defendant's sentence in accordance with the Appellate Division's directive. We further conclude that the sentencing court's imposition of consecutive sentences for defendant's convictions of first-degree assault and first-degree robbery comports with Penal Law § 70.25(2). We therefore, affirm.
>
> People v. Rodriguez, 25 N.Y.3d 238, 241, 10 N.Y.S.3d 495, 496-97 (2015).

### PETITIONER'S CONTENTIONS

In this habeas corpus proceeding, Rodriguez makes the following argument:

> The state court proceeding resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, to wit: once the Appellate Division directed that the sentence for petitioner's attempted murder and assault convictions were to be served concurrently instead of consecutively (79 AD3d 644 [2010]), the defect in petitioner's sentence was corrected. CPL § 430.10 precludes any additional restructuring of petitioner's now lawful sentence and the Appellate Division's remittal for the purpose of increasing the severity of the aggregate sentence was erroneous.

In the remainder of the petition, Rodriguez quotes, almost in its entirety, Judge Lippman's 2012 dissenting opinion on Rodriguez's first appeal to the New York Court of Appeals.

5

## RESPONDENT'S CONTENTIONS

The respondent contends that Rodriguez's petition does not set forth a claim of constitutional deprivation because it rests exclusively on state-law grounds. Moreover, the state court already rejected his constitutional claims. According to the respondent, Rodriguez does not have a double jeopardy claim in connection with his resentencing because the Supreme Court held that "the double jeopardy bar is not triggered if the two offenses for which the defendant is punished or tried pass the 'same-elements' or 'Blockburger' test, i.e., that each offence contains an element not contained in the other." Moreover, the Supreme Court "also determined that, when a state's imposition of consecutive sentences is permitted by its own statutes, a defendant's double jeopardy rights are not violated even if the offenses for which he is sentenced cumulatively do no pass the same-element test." The respondent contends that the imposition of consecutive sentences here was in accordance with New York law: (a) "theft is not an element of first degree assault," and "an element of first degree assault is the infliction of serious physical injury, which is not an element of robbery by display"; and (b) the New York Court of Appeals held that it satisfied PL § 70.25(2). The respondent contends that the commencement of Rodriguez's sentence did not bar the resentencing and Rodriguez has no legitimate expectation of finality in his original sentence because New York allows appellate review of the sentence. The respondent asserts that Rodriguez's claim, that the restructuring of his sentence to arrive to the aggregate sentence imposed originally violated his due process right, is meritless. That is so because the Supreme Court "has not decided whether [North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072 (1969)] applies only to resentencing following a retrial or whether it also applies to a sentencing following a finding that an initial sentence was illegal."

6

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim — (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state-court decision is contrary to clearly established Supreme Court precedent if its conclusion on a question of law is "opposite to that reached by [the Supreme] Court," or if the state court reaches a conclusion different from that of the Supreme Court "on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state-court decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08, 120 S. Ct. at 1520. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## APPLICATION OF LEGAL STANDARD

Rodriguez's claim, that restructuring his sentences to cause them to be served consecutively violated CPL § 430.10, is based on a state-law ground and does not implicate any federal-law ground. Since "federal habeas corpus relief does not lie for errors of state law," Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991), Rodriguez is not entitled to

7

relief based on his state-law violation claim.

Although Rodriguez argues that the state-court decision was based on an unreasonable application of the facts in light of the evidence presented, he does not identify any findings of fact that he wishes to challenge or point to any clear and convincing evidence that would rebut the presumption of correctness of the state court's factual findings. Thus, Rodriguez is not entitled to relief based on this ground.

The Court interprets liberally Rodriguez's claim, see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'") (citation omitted), as asserting that the state-court decision involved an unreasonable application of clearly established federal law. "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb . . . nor be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fifth Amendment double jeopardy clause protects: (1) "against a second prosecution for the same offense after acquittal"; (2) "against a second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense." Pearce, 395 U.S. at 717, 89 S. Ct. at 2076. However, "the double jeopardy provision" does not "impose an absolute bar to a more severe sentence upon reconviction." Id. at 723, 89 S. Ct. at 2079. "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Id. at 725, 89 S. Ct. at 2080. In limited circumstances, where a reasonable likelihood exists "that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority," a rebuttable presumption of vindictiveness may arise; otherwise, to establish a due process violation, a defendant must prove

8

actual vindictiveness. Alabama v. Smith, 490 U.S. 794, 799-800, 109 S. Ct. 2201, 2205 (1989).

Rodriguez did not receive multiple punishments for the same offense, and his original aggregate sentence of 40 years was not increased at resentencing. Since consecutive sentences Rodriguez received on resentencing were in accordance with New York Law, as the New York Court of Appeals found on his appeal, no double jeopardy issue was triggered. Pearce is not clearly established law governing Rodriguez's case because Pearce involved the imposition of a new sentence after retrial, the circumstance not involved here. Moreover, to show a violation of due process, Rodriguez must establish actual vindictiveness, and he failed to do so here. Thus, Rodriguez is not entitled to relief based on the claim that the state-court decision involved an unreasonable application of clearly established federal law.

## RECOMMENDATION

For the foregoing reasons, I recommend that the habeas corpus petition be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 1640, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge McMahon. *Failure to file objections within fourteen (14) days will result in a waiver of objections and*

9

*will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
December 17, 2015

Respectfully submitted,

*/Kevin Nathaniel Fox/*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copy to:

Sergio Rodriguez